IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAURA S. GRAY, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION FILE |
| | : NO._____ |
| STELLAR RECOVERY, INC., | : |
| Defendant. | : JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. Plaintiff brings this action for damages against the defendant for violations of the Fair Debt Collection Practices Act [FDCPA], 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act [TCPA], 47 U.S.C. § 227, and the regulations proscribed thereunder, 47 C.F.R. § 64.1200, and the Georgia Fair Business Practices Act ["GaFBPA"], O.C.G.A. §§ 10-1-390 et seq.

**SUBJECT MATTER JURISDICTION**

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331 (federal question jurisdiction).

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to

1

hear and decide any related State law issues.

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff is a resident of this District and Division and is authorized by law to bring this action.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. Defendant STELLAR RECOVERY, INC. is a corporation organized under the laws of the State of Florida.  [Hereinafter said defendant is referred to as "STELLAR."]

7. STELLAR transacts business in this District.

8. STELLAR's transactions in this District give rise to Plaintiff's causes of action.

9. STELLAR is in the business of collecting past due debts allegedly owed by consumers throughout the United States, including the State of Georgia.

10. In the course of its business, STELLAR directed telephone calls to Plaintiff's cellular telephone number in the Northern District of Georgia.

11. The telephone calls to Plaintiff's cellular telephone number give rise to Plaintiff's claims.

12. STELLAR is subject to the jurisdiction and venue of this Court.

13. STELLAR may be served by personal service upon its registered agent in

the State of Georgia, to wit: Business Filings Incorporated, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

14. Alternatively, STELLAR may be served by personal service upon an officer or authorized agent at its principal place of business, to wit: 1327 Highway 2 West, Suite 100, Kalispell, Montana 59901-0000.

15. Other related defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS COMMON TO ALL CAUSES

16. STELLAR uses the mails and telephone communications in its business.

17. The principal purpose of STELLAR's business is the collection of debts.

18. STELLAR regularly collects or attempts to collect consumer debts owed or due, or asserted to be owed or due, another.

19. STELLAR's website states the following:

> Stellar Recovery Inc. specializes in third party debt collections.

http://stellarrecoveryinc.com/careers (accessed November 2, 2015).

20. STELLAR is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

21. STELLAR has engaged in a collection campaign during the past 18 months that was directed at Plaintiff in an attempt to collect a disputed balance for

3

personal pay television services.

22. STELLAR's collection campaign, in addition to letters and emails, consisted of calls directed to the cellular telephone number she subscribes to, to wit: (404) 879-8547.

23. On or about April 30, 2014, Plaintiff sent a letter to STELLAR by certified mail.

24. The certified letter was sent to STELLAR at their 1327 Highway 2 West, Suite 100, Kalispell, Montana 59901 address.

25. The domestic return receipt that was mailed with the letter shows that STELLAR signed for Plaintiff's April 30, 2014 letter on May 6, 2014.

26. In Plaintiff's April 30, 2014 letter, Plaintiff disputed the alleged debt.

27. In Plaintiff's April 30, 2014 letter, Plaintiff informed STELLAR that it was inconvenient to receive calls on her cellular telephone number 404-879-8547.

28. In Plaintiff's April 30, 2014 letter, Plaintiff unequivocally revoked any consent or authority STELLAR may have had to call her cellular telephone number.

29. Even though STELLAR had received Plaintiff's April 30, 2014 letter, STELLAR continued to send several collection emails and letters to Plaintiff without having sent validation of the disputed debt.

30. Even though STELLAR had received Plaintiff's dispute of the debt in her April 30, 2014 letter, STELLAR has continued to report the debt on Plaintiff's credit report without notating that the debt is disputed to one or more credit reporting agencies, including but not limited to Equifax.

31. Even though STELLAR had received Plaintiff's April 30, 2014 letter, STELLAR continued to persistently call Plaintiff on her cellular telephone.

32. STELLAR has called Plaintiff on her cellular telephone no less than 87 times since her written request to stop.

33. On at least five different dates, STELLAR called Plaintiff multiple times during a calendar day.

34. STELLAR would often call Plaintiff's cellular telephone during Plaintiff's working hours or at other inconvenient times, such as during family meals or when she was with company.

35. STELLAR's website states:

> We have state-of-the-art technology including equipment, phone systems, dialer, and collection software.

http://stellarrecoveryinc.com/about-us (accessed November 2, 2015).

36. In all of the telephone calls, STELLAR used a predictive dialer to initiate the telephone calls.

37. All of the telephone calls were initiated using software capable of predictive dialing.

5

38. STELLAR's dialing software has the capacity to store telephone numbers.

39. STELLAR's dialing software has the capacity to dial from a database of numbers.

40. STELLAR's dialing software has the capacity to dial from a database of numbers at random or in sequential order.

41. STELLAR's dialing system has the capacity to dial from a database of telephone numbers without human intervention.

42. STELLAR's telephone calls to Plaintiff were initiated using an automatic telephone dialing system.

43. The telephone calls to Plaintiff's cellular telephone number were knowingly and/or willfully initiated using an automatic telephone dialing system.

44. The telephone calls to Plaintiff's cellular telephone number were not initiated by accident or mistake.

45. It was the intent of STELLAR to initiate the telephone calls to the cellular telephone number at issue.

46. The telephone calls were inconvenient and annoying to Plaintiff.

47. The telephone calls were a continuing frustration and interruption of Plaintiff's activities.

48. The telephone calls intruded into Plaintiff's privacy.

49. The telephone calls to Plaintiff were a trespass on her phone line.

50. The telephone calls to Plaintiff invaded the privacy interests that the TCPA and the FDCPA were intended to protect.

51. The actions of Defendant give rise to Plaintiff's right to recover actual damages for the inconvenience, annoyance, frustration, interruption and intrusion into Plaintiff's privacy.

52. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

### COUNT ONE: TELEPHONE CONSUMER PROTECTION ACT

53. The acts of Defendant constitute violations of the Telephone Consumer Protection Act.

54. Defendant's violations of the TCPA include, but are not limited to, the following:

55. Making and/or initiating a telephone call using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

56. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

57. Defendant's violations were committed willfully and knowingly, and Plaintiff requests this court treble damages to $1,500.00 for each such violation.

58. The Defendant has acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense, and Plaintiff requests an award of the expenses of litigation, including a reasonable attorney's fee, pursuant to O.C.G.A. § 13-6-11.

## COUNT TWO: FAIR DEBT COLLECTION PRACTICES ACT

59. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

60. Defendant's violations of the FDCPA include, but are not limited to, the following:

61. Communicating with a consumer, in connection with the attempt to collect a debt, at a place known, or which should be known, to be inconvenient to the consumer, in violation of 15 U.S.C. § 1692c(a)(1); and

62. The failure to communicate that a disputed debt is disputed when reporting credit information about the consumer, in

violation of 15 U.S.C. § 1692e(8).

63. The failure to send verification of a disputed debt after a written notification of a debt, in violation of 15 U.S.C. § 1692g(b).

64. As a result of Defendant's actions, Plaintiff is entitled to an award of actual and statutory damages, as well as an award of costs and attorney fees.

## COUNT THREE: GEORGIA FAIR BUSINESS PRACTICES ACT

65. STELLAR's actions constitute violations of Georgia's Fair Business Practices Act, including but not limited to, each of the specific enumerated FDCPA violations referenced in Count Two of this complaint as well as the general use of unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce.

66. As a result of the STELLAR's actions, Plaintiff is entitled to an award of 1) actual damages, 2) treble damages, 3) exemplary damages, and 4) an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

  a) That Plaintiff be awarded statutory, actual, exemplary and treble damages;

b)  That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c)  That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

by:  /s/ Cliff R. Dorsen

Cliff R. Dorsen
Georgia Bar No. 149254
cdorsen@skaarandfeagle.com
James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
2374 Main Street
Suite B
Tucker, GA 30084
404 / 373-1970
404 / 601-1855 fax


Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
133 Mirramont Lake Drive
Woodstock, GA 30189
770 / 427-5600
404 / 601-1855 fax